134 F.3d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United STATES of America, Plaintiff-Appellee,
v.
Kari Scott Sundstrom, a/k/a Kari Suzanne Helegren,
Defendant-Appellant.
 No. 97-2471.
 United States Court of Appeals, Seventh Circuit.
 Jan. 22, 1998.
 
 1
 ESCHBACH, FLAUM, EVANS, Circuit JJ.
 
 ORDER
 SHABAZ
 
 2
 Kari Scott Sundstrom pleaded guilty to one count of possession of counterfeit checks in violation of 18 U.S.C. § 513(a). At sentencing, the district court believed that Sundstrom's base offense level of nine did not reflect adequately his past criminal conduct, or the likelihood of recidivism, and therefore departed upwards eight levels. After departing downwards three levels for acceptance of responsibility, the court imposed a forty-two month sentence. Sundstrom appeals this sentence on grounds that the court's oral calculations at sentencing conflicted with its written sentence issued the following day and should have yielded an upward departure of six levels, not eight. We affirm.
 
 
 3
 Between October 10 and November 12, 1995, Sundstrom engaged in a series of fraudulent transactions involving counterfeit cashier's checks drawn on the First National Bank of Hudson, Wisconsin. Sundstrom was arrested after the FBI identified his fingerprint on one of the counterfeit checks. At sentencing, the court noted that although Sundstrom has thirty-nine criminal history points, his base offense level of nine, after an adjustment downward to seven for acceptance of responsibility, yielded a sentence of only 15-21 months. The court thought that this sentence inadequately reflected Sundstrom's past criminality or the likelihood of recurrent behavior and therefore decided to depart upwards by eight levels in order to reach a category level of greater than thirteen. To do so, the court added "one additional level for each four criminal history points exceeding 15." Adding eight levels to the original base offense level of nine, the court arrived at a level of seventeen, which it then adjusted to fourteen after subtracting three levels for acceptance of responsibility. Level fourteen, category VI, yields a sentence range of 37-46 months. The court imposed a sentence in the middle of this range--forty-two months.
 
 
 4
 The problem with the court's calculation is that an eight-level increase is achieved only by adding one level for each three criminal history points exceeding fifteen.[1] The court, realizing sua sponte that it had employed the wrong denominator, corrected its arithmetic in its Statement of Reasons issued the day after sentencing. In this written sentencing report, the court stated that it was "depart[ing] upward eight levels, which is one offense level for each three criminal history points over 15." The court also acknowledged that it had inadvertently stated a denominator of four when it calculated Sundstrom's sentence from the bench.
 
 
 5
 Sundstrom argues on appeal that the district court lacked the authority to correct, in its written sentencing report, the calculation used to compute his sentence. Sundstrom maintains that the court unambiguously stated its desire to use a denominator of four, that the use of this denominator yields an upward departure of only six levels, and that the district court's later usage of a denominator of three constitutes an impermissible recalculation of his sentence. These arguments are unpersuasive. Federal Rule of Criminal Procedure 35(c) permits district courts to correct obvious mathematical errors made during sentencing, provided the correction is made within seven days after the imposition of sentence. Fed.R.Crim.P. 35(c); United States v. Porietta, 116 F.3d 296, 300 (7th Cir.1997). As noted in the advisory committee notes to Rule 35(c), this rule is intended to apply only "to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case...." In this case, the district court's oral sentence contains an obvious error as it is impossible to divide four into twenty-four and arrive at an answer of eight. Accordingly, Rule 35(c) applies directly to the facts of this case and permits the court to clarify its reasoning in its written order issued and entered the day after sentencing.
 
 
 6
 Sundstrom also argues that the court's written correction was unreasonable and not based on its own formula. This contention is undermined by the court's recurrent statement that it wanted to impose an eight-level increase so as to arrive at an offense level greater than thirteen. Employing a denominator of four would not achieve the court's stated goal of exceeding a base offense level of thirteen.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Of Sundstrom's thirty-nine criminal history points, twenty-four of them exceed the number fifteen. Dividing twenty-four by four yields six, while dividing by three yields eight